IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAL DEV,

    Plaintiff,   No. 2:11-cv-2950-JAM-EFB PS

    vs.

PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, AND DOES 1-15 INCLUSIVE,

    Defendants.   ORDER
_____/

On July 3, 2012, plaintiff filed a motion to have the requests for admission that he contends he served on defendant be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). Dckt. No. 27. Plaintiff noticed the motion for hearing on July 18, 2012. *Id.* Specifically, plaintiff contends that he served defendant with a first set of requests for admission on April 5, 2012, and that defendant failed to respond thereto. *Id.* at 2.

If in fact plaintiff properly served defendant with requests for admission and defendant failed to respond, pursuant to Rule 36(a)(3), those requests for admission are automatically deemed admitted.[1] No motion is needed. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted

---

[1] The court makes no findings regarding the sufficiency of service of the requests for admission or defendant's alleged failure to respond thereto, nor has the court considered whether

1

unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also Fed. Trade Comm. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) ("No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing."). Accordingly, plaintiff's motion, Dckt. No. 27, is denied as unnecessary and the July 18, 2012 hearing thereon is vacated.

SO ORDERED.

DATED: July 10, 2012.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

---

any such admissions could be withdrawn pursuant to Rule 36(b).