Deborah Barron, Esq. (SBN 153840)
P. Elizabeth Norris, Esq. (SBN 258543)
BARRON LAW CORPORATION
1900 Point West Way, Suite 202
Sacramento, California 95815
Telephone: (916) 486-1712
Facsimile:  (916) 927-5524

Attorneys for Plaintiff
Lal Dev

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| LAL DEV, | CASE NO.  2:11-CV-02950-JAM-EFB |
| Plaintiff, | **ORDER RE: STIPULATION RE: PROTECTIVE ORDER** |
| vs. | |
| PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE *and* DOES 1-15 INCLUSIVE, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and among the parties to this action, through their respective attorneys of record, Deborah Barron of the Barron Law Corporation, on behalf of Plaintiff, LAL DEV; and (hereinafter collectively referred to as "Defendant's counsel"), Edward Olson of the U.S. Department of Justice, on behalf of Defendant, PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, that the Court may enter the following Order with respect to the treatment of confidential documents obtained through discovery and designated "CONFIDENTIAL."

1.     Defendant shall produce to Plaintiff's counsel at the Barron Law Corporation; at 1900 Point West Way, Suite 202, Sacramento, CA 95814, the following documents: See attached document list.

2.     IT IS FURTHER STIPULATED by and between the parties, through their respective attorneys of record that:

    a.     The information and documents produced to Defendants pursuant to paragraph 1, above, shall be labeled as "CONFIDENTIAL."  No other documents shall be labeled "CONFIDENTIAL" for the purposes of this litigation, unless and until permission is granted to do so by this Court.

    b.     The parties to this action and their attorneys shall not disclose the documents labeled "CONFIDENTIAL" pursuant to this Order, or their contents, outside the context of this litigation.

    c.     No party to this action, or attorney for a party to this action, shall disclose the above documents labeled "CONFIDENTIAL" pursuant to this Order, or the contents thereof, to any person who is not a party, attorney for a party, or member of the staff of an attorney for a party, unless that person has signed and dated a document which reads as follows:

> "I have been advised and fully understand that the documents being shown to me in the matter of *Dev v. Donahoe*, Case No.: 2:11-CV-02950-JAM-EFB in the United States District Court, Eastern District, are deemed "Confidential" pursuant to Court Order, and I agree to be bound by the requirements of that Order that I not disclose any information from these "Confidential" documents.

    d.     In the event a document designated as "CONFIDENTIAL" pursuant to this Order is used by a party or an attorney for a party at the deposition of any person or at any other hearing in this matter, the exhibits to the deposition or exhibits to motions and supporting documents, and the pages of the transcript which make reference to such exhibits, shall be bound under seal separately from the deposition, other transcript, or motion documents, unless otherwise agreed to by the parties' respective attorneys, in which case said agreement shall be in writing or on the record of any deposition.  Thereafter, such sealed exhibit pages shall be tendered to the Court in

connection with any proceeding in this action in a sealed envelope labeled, "CONFIDENTIAL -- SEALED BY ORDER OF THE COURT."

  e. Within thirty (30) days following the conclusion of this litigation, including any appeal, writ, or petition for review, the Defendants shall return to Plaintiff:

    1) the originals and any copies of the documents in their or their attorneys' possession, custody, or control, which have been labeled "CONFIDENTIAL" pursuant to this Order; and,

    2) any sealed transcript pages from any deposition or other hearing in this action in their possession, custody, or control, or that of their attorneys.

  f. Nothing herein shall be interpreted as a waiver by any party of any evidentiary objections said party may have to the introduction into evidence at trial of documents produced pursuant to this Stipulation and Order.

IT IS SO ORDERED.

DATED: 11/29/2012

             /s/ John A. Mendez
             UNITED STATES DISTRICT COURT JUDGE