IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAL DEV,

        Plaintiff,                        No. 2:11-cv-2950-JAM-EFB PS

      vs.

PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, AND DOES 1-15 INCLUSIVE,

        Defendants.                  ORDER

_____/

      This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 26, 2013, defendant filed a motion for summary judgment, and noticed the motion for hearing on March 27, 2013. Dckt. No. 55.

      On March 5, 2013, plaintiff filed a motion to strike the summary judgment motion as untimely. Dckt. No. 61. Plaintiff argues that (1) the motion is untimely because it was not filed within 30 days of the January 25, 2013 discovery completion date, as provided in Federal Rule of Civil Procedure 56(b), and the scheduling order is silent as to the date for *filing* a motion for summary judgment, and (2) even if the motion was timely filed, it was not timely served on plaintiff. *Id.*

Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Here, although plaintiff is correct that the Rule 16 scheduling order set a March 27, 2013 deadline for law and motion to be *heard* and did not expressly mention a date for that motion to be *filed*, that order further directed the parties "to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar." Dckt. No. 16 at 2. Therefore, the Rule 16 scheduling order's March 27, 2013 hearing deadline was intended to supersede the deadline set forth in Federal Rule of Civil Procedure 56(b). Accordingly, defendant timely filed the summary judgment motion on February 26, 2013 and timely noticed it for hearing on March 27, 2013 in accordance with Local Rule 230(b), which requires that a motion be heard not less than 28 days after it is filed and served.

Plaintiff also contends that the summary judgment motion was not timely served under Local Rule 230(b), since plaintiff was not personally served 28 days before the March 27, 2013 hearing date and was not mail served at least three days before that (by February 22 or 23, 2013), as required by Federal Rule of Civil Procedure 6(d).[1] However, Local Rule 230(b) only requires a party to serve a motion at least 28 days before it is heard. Rule 6(d) does not require that the motion be mailed at least three days before that since it only requires that three days be added "[w]hen a party may or must act within a specified time after service . . . ." Fed. R. Civ. P. 6(d). Here, plaintiff's opposition or statement of non-opposition to the summary judgment motion is due fourteen days before the March 27, 2013 hearing date, *see* E.D. Cal. L.R. 230(c), regardless of the date of service of the motion. Since the opposition due date is not triggered by the date of service of the motion, the motion was not required to be served three days earlier than the time period set forth in Local Rule 230(b).

---

[1] Instead, plaintiff was served via Federal Express on February 26, 2013 and via email on February 27, 2013. Dckt. No. 55-1 at 32; Dckt. No. 59.

Therefore, plaintiff's motion to strike will be denied. Nonetheless, in light of plaintiff's pro se status, the hearing on the summary judgment motion will be continued to April 17, 2013, so that plaintiff has additional time to prepare and file an opposition or statement of non-opposition to the motion.

Additionally, the court informs plaintiff of the following with respect to opposing a motion for summary judgment under Rule 56: Such a motion is a request that the court grant judgment in defendant's favor without trial. A motion for summary judgment will set forth the facts that defendant asserts are not reasonably subject to dispute and that entitle defendant to judgment under applicable law. To oppose a motion for summary judgment, plaintiff must show proof of his claims.[2] To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies. Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a

---

[2] Local Rule 260(b) also provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to defendant's motion. If the court grants defendant's motion, whether opposed or unopposed, judgment will be entered for defendant without a trial and the case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike defendant's motion for summary judgment, Dckt. No. 61, is denied.

2. The March 27, 2013 hearing on defendant's motion for summary judgment, Dckt. No. 55, is continued to April 17, 2013 at 10:00 a.m. in Courtroom No. 8.

3. On or before March 27, 2013, plaintiff shall file an opposition or statement of non-opposition to the motion, as well as a response to defendant's statement of undisputed facts.

4. Failure of plaintiff to do so may be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.

5. Defendant may file a reply to plaintiff's opposition, if any, on or before April 3, 2013.

SO ORDERED.

DATED: March 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE