IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAL DEV,

        Plaintiff,

vs.

PATRICK R. DONAHOE,

        Defendant.

No. 2:11-cv-2950-JAM-EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

      Plaintiff proceeds *pro se* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 19, 2013, plaintiff filed a motion for a preliminary injunction, and noticed the motion for hearing on July 17, 2013. Dckt. No. 116. Plaintiff seeks a preliminary injunction requiring defendant to grant plaintiff forty-five days off work in order to prepare for the August 23, 2013 pretrial conference and October 21, 2013 trial in this case. *Id.* at 1-2. Plaintiff contends that "[a]n injunction is necessary to provide plaintiff an opportunity to prepare his case in [a] timely manner" and that he "will suffer irreparable harm if [he] is not granted time off from work to prepare his case for trial." *Id.* at 1.

      Defendant opposes the motion, arguing that (1) plaintiff "has not pointed to any authority to support the proposition that the Court may direct the Postal Service to grant him time off of

1

work to prepare for a trial"; (2) plaintiff "has not stated whether he has asked the Postal Service for time off to prepare for trial and what the Postal Service's response was"; and (3) plaintiff "has not explained why he needs any time off of work, much less forty five days, to prepare for a trial." Dckt. No. 117 at 1-2.

As noted in this court's earlier orders denying plaintiff's requests for injunctive relief, a preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To obtain a preliminary injunction plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit has also held that "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met.'" *Id.*

Here, plaintiff fails to meet these requirements. As a threshold matter, plaintiff cites to no authority requiring an employer to provide time off work to prepare for a final pretrial conference and trial. There is simply no basis for the request.[1] Furthermore, assuming some

---

[1] Nor has plaintiff shown that he is likely to succeed on the merits of his case. As indicated at the hearing on defendant's motion for summary judgment, this court has serious

2

1 authority that would allow for the extraordinary order requested here, plaintiff has not shown
2 how he is likely to suffer irreparable harm in the absence of an order requiring defendant to
3 provide him with time off of work.  As defendant notes, plaintiff has not indicated whether he
4 attempted to request time off work without an injunction and whether that request, if made, was
5 denied.  He also has not explained why he would need forty-five days off work to prepare for the
6 final pretrial conference and trial, and he has not provided any authority in support of such a
7 request.  He alleges only in a conclusory manner that an injunction is necessary and that he will
8 suffer irreparable harm without an injunction, but he does not explain how or why that is the
9 case.  Under *Winter*, a preliminary injunction may not be granted based only on the possibility of
10 irreparable harm, because such a result would be inconsistent with the court's characterization of
11 injunctive relief as an extraordinary remedy only to be awarded upon a clear showing that the
12 plaintiff is entitled to such relief.  555 U.S. at 22.  To meet the irreparable harm requirement,
13 plaintiff must do more than simply allege harm; he must demonstrate it.  *Carribean Marine*
14 *Servs. Co., Inc., v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  Mere "[s]peculative injury
15 does not constitute irreparable injury to warrant granting a preliminary injunction."  *Id.*

16    Plaintiff also has not shown that the balance of equities tips in his favor or that the
17 injunction he seeks is in the public interest.  Therefore, because plaintiff has not demonstrated
18 that he is entitled to the extraordinary remedy of a preliminary injunction, the court will
19 recommend that the motion be denied, and the July 17, 2013 hearing thereon will be vacated.

20    Accordingly, it is HEREBY ORDERED that the July 17, 2013 hearing on plaintiff's
21 motion for a preliminary injunction, Dckt. No. 116, is vacated.

22 ////
23 ////
24 ////

25 ─────────────────────
26 concerns about the merits of plaintiff's claims.  That motion was heard on May 22, 2013 and Proposed Findings and Recommendations addressing it will be issued shortly.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction, Dckt. No. 116, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE