UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL DEV,<br><br>           Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHOE,<br>POSTMASTER GENERAL OF THE<br>UNITED STATES POSTAL SERVICE,<br><br>           Defendant. | No.   11-cv-2950 JAM-EFB-PS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Lal Dev's ("Plaintiff") Motion for Reconsideration by the District Court of the Magistrate Judge's Ruling (Doc. #134).[1]  Defendant did not file an opposition.  For the reasons set forth below, Plaintiff's motion is DENIED.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed this action on November 7, 2011, against

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 303(e).  No hearing was scheduled.

1

Patrick R. Donahoe, Postmaster General of the United States Postal Service ("Defendant"). Plaintiff moved to disqualify the Magistrate Judge in this action and in Plaintiff's related action, Dev v. Donahoe, 2:12-cv-03026 JAM-EFB (Doc. #124). The Magistrate Judge denied Plaintiff's motion (Doc. #130).

## II. OPINION

### A. Legal Standard

The standard for a Motion for Reconsideration is governed by 28 U.S.C. § 636(b) and Local Rule 303. The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); E.D. Cal. L. R. 303(f). The standard of review under § 636(b)(1)(A) is highly deferential; see United States v. Abonce-Barrera, 257 F.3d 959, 968-69 (9th Cir. 2001), and does not permit the reviewing court to substitute its own judgment for that of the magistrate judge's. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

### B. Discussion

Plaintiff seeks reconsideration of the Magistrate Judge's order denying Plaintiff's motion to disqualify the Magistrate Judge.

The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall also disqualify himself when he has "a personal

bias or prejudice concerning a party..." or "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  Id. § 455(b)(1) and b(3). Furthermore, under § 455, the alleged bias must stem from an "extrajudicial source."  Liteky v. United States, 510 U.S. 540, 551 (1994).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id. at 555.

   Generally, Plaintiff contends that several of the Magistrate Judge's rulings in this case demonstrate a bias in favor of Defendant because Defendant's counsel is an Assistant U.S. Attorney and the Magistrate Judge was formerly employed at the U.S. Attorney's Office and therefore, the Magistrate Judge should have recused himself under § 455(a), § 455(b)(1), and § 455(b)(3).  See Mot. at 12-13.  However, Plaintiff does not allege that the Magistrate Judge had any actual participation in this particular case while employed at the U.S. Attorney's Office.  Therefore, recusal is not warranted.  See United States v. Ruzzano, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were former AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification.") (citations omitted).  In addition, to the extent Plaintiff's motion is based on his disagreement with various rulings made by

3

the Magistrate Judge, rulings in an action alone are insufficient for recusal. <u>Liteky</u>, 510 U.S. at 555. Accordingly, Plaintiff has not demonstrated that the Magistrate Judge's ruling is "clearly erroneous or contrary to law."

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration of the Magistrate Judge's Ruling.

IT IS SO ORDERED.

Dated: November 6, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4